UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JORDAN LEE,                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      No. 1:23-cv-02316-JPH-MG
                                     )
MAJESTIC HOME HEALTH, LLC,           )
                                     )
            Defendants.              )

**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff, Jordan Lee, alleges that she faced unwanted sexual advances while working for Majestic Home Health, LLC, and that Majestic terminated her employment after she declined to sign a non-disclosure and non-disparagement agreement.  Ms. Lee brings Title VII discrimination and retaliation claims, and several Indiana state-law claims.  Defendants have filed a motion to dismiss Ms. Lee's state-law claims and part of her Title VII retaliation claim.  Dkt. [36].  For the reasons below, that motion is **DENIED**.

**I.**
**Facts and Background**

Because Defendant has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Ms. Lee started working for Majestic Home Health, a healthcare services provider, in June 2021 as Vice President of its Home Health division.  Dkt. 34 at 3–4 (amended complaint).  Before her employment with Majestic, Ms. Lee

1

ran her own home healthcare business, which Majestic "indicated that it intended to purchase." *Id.* at 4.

Shortly after she was hired, "Ms. Lee was subjected to unwanted sexual advances by [Majestic's] highest ranking employees," including its CEO and CFO. *Id.* at 4–5. In August 2022, after Ms. Lee rebuffed those advances, Majestic's general counsel asked her to sign a non-disclosure, non-disparagement, and non-solicitation agreement "as part of the terms and conditions of her employment." *Id.* at 4–6. Ms. Lee did not sign the agreement, and Majestic terminated her employment on September 21, 2022. *Id.* at 6–7.

After her termination, Ms. Lee filed a charge of discrimination and retaliation with the EEOC. *Id.* at 7. Majestic then refused to return personal property that was necessary for her to operate her prior home healthcare business. *Id.* Ms. Lee's business was closed as a result. *Id.* at 8.

Ms. Lee brought this case in December 2023 alleging only Title VII discrimination and retaliation claims. Dkt. 1. She amended her complaint in November 2024, adding Indiana state-law conversion, interference with a business relationship, Crime Victim Relief Act, and intentional infliction of emotional distress claims. Dkt. 34 at 8–12. Majestic has filed a motion to dismiss the state-law claims and part of the Title VII retaliation claim. Dkt. 36.

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted."

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.,* 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616.  "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

Indiana substantive law governs Ms. Lee's state-law claims.  *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019).  Absent a controlling decision from the Indiana Supreme Court, the Court does its best to predict how that court would rule on the issues of law.  *Mashallah, Inc. v. West Bend Mut. Ins. Co.*, 20 F.4th 311, 319 (7th Cir. 2021).  In doing so, the Court may consider decisions from the Indiana Court of Appeals.  *See id.*

## III.
## Analysis

Majestic argues that Ms. Lee's amended complaint is untimely and that her state-law claims must be dismissed because they were raised for the first time in her amended complaint, after the two-year statute of limitations expired.  Dkt. 36 at 1.  Majestic also contends that Ms. Lee's Title VII retaliation claim must be dismissed in part, to the extent it involves unlawfully retained property, because that issue was not timely raised to the EEOC.  *Id.* at 7–8.

### A.  Timeliness of Complaint

Majestic briefly argues that Ms. Lee's amended complaint must be dismissed because she filed it one day late.  Dkt. 36 at 3.  Because Majestic did not develop this argument[1] and cites no authority or governing legal standard, *id.*, it is waived.  *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) ("As we have repeatedly held, the absence of any supporting authority or development of an argument constitutes a waiver.").  Ms. Lee's amended complaint is deemed timely.

### B.  Statute of Limitations

The parties agree that Ms. Lee's state-law claims are subject to a two-year statute of limitations.  Dkt. 36 at 1; dkt. 41 at 2; *see* Ind. Code § 34-11-2-

---

[1] Majestic does not address that the Court's order (which was signed November 13) giving Ms. Lee seven days to file her amended complaint was not docketed until November 14—seven days before she filed her amended complaint.  *See* dkt. 31; dkt. 34; dkt. 36 at 3; dkt. 44 at 1–2.  Because of Majestic's waiver, the Court does not address whether those facts or the other reasons addressed in Ms. Lee's brief, dkt. 41 at 8–9, constitute excusable neglect.

4

4(a).  The Court must apply Indiana law by doing its best to predict how the Indiana Supreme Court would rule on the issues of law.  *See Mashallah*, 20 F.4th at 319.

### 1. Conversion, Interference with a Business Relationship, and Crime Victim Relief Act Claims

Majestic argues that Ms. Lee's conversion, interference with a business relationship, and Crime Victim Relief Act claims must be dismissed because they accrued when her employment was terminated on September 21, 2022, but she did not raise them until her amended complaint in November 2024. Dkt. 36 at 4.  Ms. Lee responds that she pleaded that Majestic refused to return her property "subsequent to her termination"—rather than specifying a date—so she has not pleaded herself out of court.  Dkt. 41 at 13–14.

An affirmative defense like a statute of limitations can support dismissal only if "the face of [the] complaint compels a conclusion" that it applies.  *Mosely v. Bd. of Ed. of City of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006).  So dismissal is inappropriate unless Ms. Lee has "plead[ed] [her]self out of court by admitting all of the essential elements of the affirmative defense in [her] complaint."  *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 645 (7th Cir. 2022); *cf. Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (declining to follow the "typical[ ]" rule and considering "the statute of limitations because the relevant dates are set forth unambiguously in the complaint").  That is "rare," however, because a "complaint need not anticipate—much less refute—a possible affirmative defense."  *Luna Vanegas*, 46 F.4th at 645.

Under Indiana law, the statute of limitations begins to run when the cause of action accrues. *Meisenhelder v. Zipp Exp., Inc.*, 788 N.E.2d 924, 927 (Ind. Ct. App. 2003). "[A] claim for the tort of conversion accrues when the defendant exercises dominion over personal property to the exclusion and in defiance of the rights of the owner or withholds it from his lawful possession under a claim of title inconsistent with the owner's title." *Lee Tool & Mould, Ltd. v. Fort Wayne Pools, Inc.*, 791 F.2d 605, 608–09 (7th Cir. 1986) (explaining Indiana law). If the defendant's initial possession was "lawful," then "Indiana law requires the plaintiff to demonstrate he has demanded the return of the property." *Id.* So, in *Fort Wayne Pools*, the conversion cause of action accrued at the "unqualified request for [the property's] return." *Id.* at 610; *accord Estate of Verdak v. Butler Univ.*, 856 N.E.2d 126, 133 (Ind. Ct. App. 2006).

Under that standard, Ms. Lee's amended complaint does not establish that her conversion claim accrued at her termination. Instead, she pleaded more broadly that Majestic refused to return her property at her request "[s]ubsequent to her termination." Dkt. 34 at 7. Ms. Lee therefore has not pleaded herself out of court by "admit[ting] facts that establish an impenetrable defense," so her conversion claim is "not a candidate for disposition under Rule 12(b)(6)." *Luna Vanegas*, 46 F.4th at 643–45; *see Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("[C]ourts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses" unless "all relevant facts are presented.").

Ms. Lee's interference with a business relationship and Crime Victim Relief Act claims follow the same path.  Those claims rely on the same allegations that Majestic refused to return her personal property at her request, dkt. 34 at 7, 11–12, and the parties agree that they accrued at the same time as her conversion claim, *see* dkt. 36 at 4; dkt. 41 at 13–14.  Majestic's motion to dismiss Ms. Lee's conversion, interference with a business relationship, and Crime Victim Relief Act claims is therefore **denied**.

### 2.  Intentional Infliction of Emotional Distress Claim

Majestic argues that Ms. Lee's intentional infliction of emotional distress claim must be dismissed because it accrued more than two years before her amended complaint, which does not relate back to her original complaint.  Dkt. 36 at 5–7.  Ms. Lee responds that this claim is based on facts pleaded in her original complaint, so the amended complaint relates back and the claim is therefore timely.  Dkt. 41 at 9–13.

If an amended complaint relates back to a timely original complaint, that "defeat[s] the defense of statute of limitations."  *Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 558–59 (7th Cir. 2011).  Whether an amended complaint relates back is governed by Federal Rule of Civil Procedure 15(c):

> (1) *When an Amendment Relates Back.*  An amendment to a pleading relates back to the date of the original pleading when:
> * * *
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence

set out—or attempted to be set out—in the original pleading.

"[E]ven significant changes to a complaint can relate back so long as the defendant had fair notice of the substance of the new allegations from the outset." *Coleman v. United States*, 79 F.4th 822, 829 (7th Cir. 2023).

Here, Ms. Lee's intentional infliction of emotional distress claim is based in part on her allegations that Majestic's "employees subjected her to sexual harassment." Dkt. 34 at 12. She alleges that Majestic's CFO made unwanted sexual advances at an October 2021 Halloween party, and that Majestic's CEO sexually harassed her and made unwanted sexual advances on a December 2021 business trip. *Id.* at 4–6. Those exact allegations are also in her original complaint. Dkt. 1 at 4–5. Based on those common allegations, relation back is "exactly what Rule 15(c) intends." *Luevano v. Wal-Mart Stores*, 722 F.3d 1014, 1025 (7th Cir. 2013) ("Here, all three of Leuvano's amended complaints assert claims arising out of the conduct set out in the original complaint: the alleged harassment by a co-worker and her supervisor, and the ensuing retaliation."); *see Coleman*, 79 F.4th at 829 ("Even where an amendment invokes a legal theory not suggested by the original complaint and relies on facts not originally asserted, relation back is in order so long as the original and amended [complaints] state claims that are tied to a common core of operative facts.").

Majestic nevertheless argues that Ms. Lee's intentional infliction of emotional distress claim does not relate back because it is also based on allegations that Majestic "retained her . . . property." Dkt. 44 at 2–3; dkt. 34 at

12.  While Ms. Lee did not allege the retention of property in her original complaint, all that relation back requires is "a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005); *see Neita v. City of Chicago*, 830 F.3d 494 (7th Cir. 2016).  In *Neita*, for example, the original complaint alleged false arrest for lack of probable cause to believe that the plaintiff mistreated either of the two dogs he had with him.  *Id.* at 497.  The plaintiff later amended his complaint to add allegations that arresting officers "retrieved his keys from his pocket" and "illegally searched his vehicle."  *Id.* at 498.  The Seventh Circuit reversed the district court's statute-of-limitations dismissal of that illegal-search claim.  *Id.*  It held that the amended compliant related back because the original complaint "was sufficient to put the defendant officers on notice that they would have to defend against all claims arising out of this encounter, including the related search of Neita's vehicle."  *Id.*

Similarly here, Ms. Lee's sexual harassment allegations provide a common core of facts that put Majestic on notice of her infliction of emotional distress claim and makes relation back proper.  *See id.*; *Luevano*, 722 F.3d at 1025.[2]  Majestic's motion to dismiss Ms. Lee's intentional infliction of emotional distress claim is therefore **denied**.

---

[2] The district court opinions that Majestic cites in support of its argument against relation back do not apply here.  *See* dkt. 44 at 2–3.  In *Lewellen v. Schneck Medical Center*, a claim did not relate back because—unlike this case—it was "undeniably based on entirely distinctly new facts, not pleaded in the original complaint."  No. 4:05-cv-83-SEB-WGH, 2009 WL 435094 at *5 (S.D. Ind. Feb. 20, 2009).  Similarly, in *Red Barn Motors, Inc. v. NextGear Capital, Inc.*, a claim did not relate back because the original complaint did not mention the claim or "even a factual situation giving rise to that claim."  No. 1:14-cv-1589-TWP-DKL, 2017 WL 1133707 at *13 (S.D. Ind. Mar. 27, 2017).  And *Nikolić v. St. Catherine Hospital*—which Majestic incorrectly cites as from

### C. Title VII Retaliation Claim

Majestic argues that Ms. Lee's Title VII retaliation claim should be partially dismissed as untimely "with respect to alleged retained property." Dkt. 36 at 7–8.  Ms. Lee responds that Majestic improperly seeks to dismiss only part of her claim, and that the claim is timely.  Dkt. 41 at 14–16.

The Seventh Circuit recently reaffirmed that "a motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims."  *Signal Funding, LLC v. Sugar Felsenthal Grais & Helsinger LLP,* 136 F.4th 718, 724 (7th Cir. 2025).  So at this stage, if the "plaintiff states a plausible claim for relief under one discernable legal theory," a federal court "start[s] and end[s] there."  *Id.*  That rule applies here because Majestic does not seek to dismiss the remainder of Ms. Lee's Title VII retaliation claim.

Majestic's motion to dismiss part of Ms. Lee's Title VII retaliation claim is therefore **denied**.

### IV.
### Conclusion

Majestic's motion to dismiss is **DENIED**.  Dkt. [36].

**SO ORDERED.**

Date: 3/16/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

this district—does not hold that an "allegation of harassment in a party's original complaint is insufficient to allow the IIED claim to relate back."  Dkt. 44 at 3 (citing No. 2:10-cv-406-PRC, 2012 WL 13054733 at *3 (N.D. Ind. Apr. 4, 2012)).  *Nikolic* instead expressly declined to address "whether the allegations relate back to the original Complaint."  2012 WL 13054733 at *3.

Distribution:

All electronically registered counsel